No. 24,797.

HANNA WITT, *Appellee,* v. JOHN C. HEYEN, *Appellant.*

OPINION DENYING A REHEARING.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion denying a rehearing filed January 30, 1924. (For original opinion of reversal see 114 Kan. 869, 221 Pac. 262.)

*Paul R. Nagle,* of St. John, for the appellant.

*Robert Garvin, Evart Garvin,* and *Ray H. Beals,* all of St. John, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: An error in the opinion will be corrected. In the opinion the "Statement in Lunacy" offered in evidence was said to be the statement of the physician juror required by the statute to be attached to the verdict. Counsel have furnished us with the petition for rehearing a copy of the verdict of the jury, to which is attached a statement of the physician juror. From the abstract and the additional information now furnished us, it is clear that the "Statement in Lunacy" offered in evidence is a separate document found among the files of the case in probate court and is signed, not by the physician juror, but by the probate judge, hence

it was incorrectly described in the opinion. Counsel renews his argument that it should not be received in evidence and contends that there was no statute in force at that time which required or authorized the probate judge to prepare or file such a statement. There was in effect at that time section 2, chapter 20 of the Laws of 1870 (Gen. Stat. 1889, § 3724), which required the probate judge desiring to commit an insane person to the insane asylum to forward a statement to the superintendent thereof, which should include a history of the case so far as the probate judge was informed and giving the principal items of information in regard to the case. This was to be signed by the probate judge. The "Statement in Lunacy" referred to in the opinion is the probate judge's record of the history of the case required by this statute. It should have been received in evidence on the trial of this case for whatever light it would throw upon the question in controversy. With this correction of the original opinion, the petition for rehearing will be denied. Counsel now contend that the copy of this statement offered in evidence was incorrect in material particulars. Upon a retrial, of course, only the original or a correct copy should be used.